### Joutje PANTOUW; Elly Lae Worang, Petitioners,

v.

### Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–72379.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 21, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kaaren L. Barr, Esquire, Seattle, WA, for Petitioners.

Allen W. Hausman, Esquire, OIL, DOJ– U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM **

Joutje Pantouw and his wife, natives and citizens of Indonesia, petition for review of a Board of Immigration Appeals' ("BIA") order denying their motion to reopen and motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004), we dismiss in part, deny in part, and grant in part the petition for review.

To the extent Pantouw challenges the BIA's underlying decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum or withholding of removal, and to the extent Pantouw raises due process or separation of powers claims related to this decision, we lack jurisdiction because this petition is not timely as to that decision. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

The BIA properly construed Pantouw's motion as both a motion to reopen and a motion to reconsider. *See* 8 C.F.R. §§ 1003.2(b)(1), (c)(1) (a motion to reconsider specifies errors of fact or law in the prior decision while a motion to reopen states new facts to be proven at a hearing). The BIA did not abuse its discretion in denying Pantouw's motion to reopen because he failed to offer any new or previously unavailable evidence. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. §§ 1003.2(a), (c).

In his motion to reconsider, Pantouw argued the BIA erred in concluding that disfavored group analysis did not apply to his withholding of removal claim. In light of the court's recent decision in *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir.2009), we reverse the BIA's denial of reconsideration

and remand for further proceedings. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.